IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alma Joy MacLean,

    Plaintiff,

  v.                               Case No. 2:09-cv-521

Evans, Mechwart, Hambleton &    JUDGE GRAHAM
Tilton, Inc., et al.,

    Defendants.

Micki I. Shaw,

    Plaintiff,                 Case No. 2:09-cv-522

  v.                                 JUDGE SMITH

Evans, Mechwart, Hambleton &
Tilton, Inc., et al.,

    Defendants.

Randy N. Hansen,

    Plaintiff,                 Case No. 2:09-cv-523

  v.                                 JUDGE SARGUS

Evans, Mechwart, Hambleton &
Tilton, Inc., et al.,

    Defendants.

Dale M. Goodman,

    Plaintiff,                 Case No. 2:09-cv-529

  v.                                 JUDGE SMITH

Evans, Mechwart, Hambleton &
Tilton, Inc., et al.,

    Defendants.

ORDER

These are four separate age discrimination cases filed by the same attorneys against the former employer of all four plaintiffs. Each plaintiff alleges that his or her employment was terminated effective March 3, 2008, purportedly as a result of a reduction in force. Each claims that the effect, and the intent, of the reduction in force was to eliminate older workers. Plaintiffs have asked the Court to consolidate all four cases based on the existence of common issues of both law and fact. Defendants oppose consolidation. For the following reasons, the cases will be consolidated at this time, but the parties will be free to request a severance of the actions for trial should that appear appropriate.

I.

Consolidation of cases is provided for in Fed.R.Civ.P. 42(a), which provides, in pertinent part, that the Court may order consolidation of "actions involving a common question of law or fact...." The underlying purpose of the Rule is to promote economy in the administration of justice. Feldman v. Hanley, 49 F.R.D. 48 (S.D.N.Y. 1969). Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation. Arroyo v. Chardon, 90 F.R.D. 603 (D.P.R. 1981). It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request. Thayer v. Shearson, Loeb, Rhoades, Inc., 99 F.R.D. 522 (W.D.N.Y. 1983). Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Rule 42 to allow cases to proceed jointly with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective

utilization of judicial resources. Brewer v. Republic Steel
Corp., 64 F.R.D. 591 (N.D. Ohio 1974), aff'd 513 F.2d 1222
(6th Cir. 1975).

## II.

There is little dispute about whether these cases have legal and factual issues in common. Certainly, all are proceeding under the same legal theory, and all involve the same reduction in force. As plaintiffs point out, in cases like these, the statistical evidence concerning how the reduction in force actually impacted older workers will be the same in all cases, and there may well be overlap in any direct evidence of discrimination, at least to the extent that managerial employees may have made statements regarding the desirability of emerging from the reduction in force with a younger workforce. On the other hand, as defendants point out, there will undoubtedly be some differences in proof as well, given that the plaintiffs reported to different managers and their ages and work histories differ. The question before the Court is whether it will be more efficient to treat these cases as a single unit for most purposes, and whether doing so will cause any party to suffer undue prejudice.

At this juncture, given the fact that the record consists solely of the four complaints filed, it appears to the Court that consolidated proceedings will be more efficient. Certainly, the same group of company witnesses will be deposed in each case on the issue of how the reduction in force came about, and how the persons whose employment was terminated were selected. There will be extensive overlap in the document discovery as well. Further, each plaintiff may, based on the allegations in the complaints, be a witness not only in his or her own case, but in others. Issues such as whether the work of the plaintiffs was performed by younger or more-recently hired employees after the

reduction in force took effect will also involve some common factual and legal questions.  Although there will certainly be some issues that are unique to each plaintiff, those issues do not appear to predominate over common questions of law or fact, and defendants would not appear to be burdened by having to explore these issues in the context of a consolidated case.  They would pursue these issues even if the cases were not consolidated.  Although some plaintiffs might have to become involved in discovery or motions practice that does not relate directly to their claims, they are the ones asking for consolidation, so this factor is not particularly compelling.

Other courts have recognized the wisdom of conducting consolidated proceedings in cases involving multiple plaintiffs and the same reduction in force.  See, e.g., Wado v. Xerox Corp., 991 F.Supp. 174 (W.D.N.Y. 1998) (consolidating fifteen separate ADEA cases for motions practice); cf. Graffam v. Scott Paper Co., 848 F. Supp. 1(D. Me. 1994) (reflecting that cases of eleven former employees asserting ADEA claims were considered together).  Those decisions acknowledge that not all of the issues in the cases which are consolidated are identical, but as the Wado court observed, "these cases involve many of the same facts and legal issues," id. at 182, and that is enough to justify consolidation.

It appears almost certain that the goal of efficiency will be achieved if discovery and motions practice in these cases is conducted on a consolidated basis.  It is desirable that the same judge both supervise discovery, and rule on any case-dispositive motions, so as to avoid the need for multiple judges to consider the same record and the same legal issues and, potentially, to reach disparate results.  It is not as clear at this point that, if one or more of these cases goes to trial, a consolidated trial will be the most efficient and least prejudicial way to conduct that proceeding.  That decision should be made by the trial judge

on the basis of a more complete record.  Consequently, if, after the record is more fully developed, it appears that a consolidated trial would create more confusion and inefficiency than separate trials, the Court has the discretion - and perhaps the duty - to sever the cases for trial, and any party is free to make that request.  <u>See Pinehurst Airlines v. Resort Air Services</u>, 476 F.Supp. 543, 560 n.31 (M.D.N.C. 1979).

III.

Based on the foregoing, the motions to consolidate (#11 in the first three captioned cases and #10 in the fourth) are granted.  These cases are consolidated into Case No. 2:09-cv-523, which was the first of these cases filed with the Court.


<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge